IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ASAEL F. DEARRUDA JR., | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-685-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Asael F. Dearruda Jr., a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

## I.  BACKGROUND

On April 10, 2012, in the 355th Judicial District Court of Tarrant County, Texas, Case No. 1045787D, Petitioner entered open pleas of guilty to two counts of aggravated assault with a deadly weapon and a jury found him guilty on the court's instruction and assessed his punishment at twenty years' confinement on each count. Adm. R., Clerk's R. 46-50, 52, ECF No. 14-12. Petitioner appealed his sentences, but the Second District Court of Appeals of Texas affirmed the trial's court judgment. *Id.*, Mem. Op. 8, ECF No. 14-4. Petitioner did not file a petition for discretionary review. Resp't's Ex. A, ECF No. 22-1. On August 4, 2014, Petitioner filed a state-habeas application challenging his sentences, which was denied by the Texas Court of Criminal Appeals on October

8, 2014, without written order.[1] Adm. R., SHCR 5, ECF No. 14-16. This federal-habeas petition

challenging his sentences was filed on July 30, 2014.[2] Pet. 10, ECF No. 3. Petitioner raises four

grounds for relief. Pet. 6-7 & Attach., ECF No. 1. Respondent contends the petition is untimely

under the federal one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Resp't's Preliminary

Resp. 3-6, ECF No. 22.

## II.  LEGAL DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), imposes a one-

year statute of limitations for filing a petition for federal habeas corpus by a person in state custody.

Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitations period shall run from the latest of–

>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral

---

[1]A prisoner's pro se state-habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). However, Petitioner's state-habeas application does not state the date he placed the document in the prison mailing system. Thus, Petitioner is not given the benefit of the prison mailbox rule. The Court further notes that Petitioner purportedly signed the state application under penalty of perjury on April 7, 2014, however the document was not received in the prison's mailroom until July 31, 2014, and was not received by Hood County for filing until August 4, 2014. Resp't's Ex. B, ECF No. 22-2.

[2]A prisoner's pro se federal-habeas petition is also deemed filed when placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In the federal petition, Petitioner asserts that the document was placed in the prison mailing system on July 30, 2014. Pet. 10, ECF No. 3. As such, the petition is deemed filed on that date.

review; or

> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period begins to run on the date on which the judgment of conviction becomes final by the conclusion of direct review or, as in this case, the expiration of the time for seeking direct review. For purposes of this provision, the judgment became final on Monday, May 13, 2013,[3] upon expiration of the time that Petitioner had for filing a petition for discretionary review, triggering limitations, which expired one year later on May 13, 2014. *See* TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Therefore, Petitioner's federal petition was due on or before May 13, 2014, absent any tolling.

Petitioner's state-habeas application filed on August 4, 2014, after limitations had already expired did not operate to toll the limitations period under the statutory tolling provision. 28 U.S.C. § 2244(d)(2); *Scott v. Johnson,* 227 F.3d 260, 263 (5th Cir. 2000). Therefore, Petitioner's federal petition filed on July 30, 2014, is untimely, unless he is entitled to tolling as a matter of equity. Equitable tolling is permitted only in rare and exceptional circumstances when, although pursuing his rights diligently, an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner or he can prove that he is actually innocent of the crime(s) for which he was

---

[3]Thirty days after April 11, 2013, was a Saturday.

3

convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). An actual-innocence claim is not applicable here, so Petitioner must demonstrate that, although pursuing his rights diligently, an extraordinary factor beyond his control prevented him from filing in a timely manner.

Toward that end, Petitioner attributes his delay to his indigency, pro se status, and lack of knowledge of American laws. Pet'r's Reply 1-3, ECF No. 25. These circumstances, however, are typical of most inmates, not just foreign inmates, seeking postconviction relief. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Petitioner also attributes his delay to his deteriorating mental and physical condition at the age of 71. However, Petitioner offers no evidence in this regard, aside from his own unsupported allegations. In summary, there is no evidence in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court.

Accordingly, Petitioner's federal petition was due on or before May 13, 2014. His petition filed on July 30, 2014, is therefore untimely.

### III. CONCLUSION

For the reasons discussed herein, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** as time-barred. Further, for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 26th day of February, 2016.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**